**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

**MILLINGTON OAKS APARTMENT**,

Appellant,

v. Case No. 2:26-cv-02260-BCL-atc

**PAULA ANTWANETTE MILNER,**

Appellee.

---

**ORDER DENYING MOTION TO STAY**

---

The Appellants[1] in this bankruptcy appeal have filed an Emergency Motion to Stay Enforcement and Distribution of Judgment Funds Pending Appeal under Federal Rule of Bankruptcy Procedure 8007. Doc. 17. By that Motion, Appellants seek to do two things: (1) stay enforcement of a sanctions judgment (premised on violation of the automatic stay) entered by the bankruptcy court pending the outcome of this appeal and (2) stay any release or distribution of approximately $51,321.67 presently restrained by First Horizon Bank pending resolution of this appeal. Doc. 17 at 1. According to Appellants, Debtor has already obtained a writ of execution and has now moved the bankruptcy court for immediate release of the funds—for the purpose of servicing her ongoing Chapter 13 bankruptcy. In short, Defendant fears that if the money is paid out it will go into Debtor's bankruptcy case never to be seen again, even if Defendants ultimately prevail on appeal.

[1] Millington Oaks Apartments and Glankler Brown PLLC.

The Appellants, as movants, bear the burden of showing that they are entitled to a stay. *Service Employees Intern. Union Local 1 v. Husted*, 698 F.3d 341, 343 (6th Cir. 2012). Courts consider the following factors when deciding whether to stay a judgment pending appeal:

> (1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay.

*Mich. Coalition Against RadioActive Material Users, Inc. v. Gripentrog*, 945 F.2d 150, 153 (6th Cir. 1991); *see also In re Williams*, 649 B.R. 844, 846-47 (E.D. Mich. 2023) (making express that the same factors apply in bankruptcy proceedings).[2] The Sixth Circuit treats these not as prerequisites to be met, but rather as factors to be considered and balanced together. *Gripentrog*, 945 F.2d at 153-54. In particular, a stronger showing of irreparable harm can compensate for a weaker showing of likelihood of success, and vice versa. *Id.* Still, a movant is "always required to demonstrate more than the mere possibility of success on the merits"—at minimum the movant "must show … serious questions going to the merits." *Id.*

Appellants have wholly failed to carry that burden here. Appellants do not offer argument on their issues, narrowing them as and if necessary to persuasively state their case for a stay; much less do they offer evidence, record citations, and authority to support their positions. Instead,

[2] The Court analyzes this motion under the multifactor standard mentioned in the test because that is the form in which Appellants have presented their argument. The Court notes that the multifactor standard is most commonly associated with stays of injunctive and similar relief. Where, as here, a party seeks to stay a monetary judgment, the party may be entitled to a stay as of right under Federal Rule of Civil Procedure 62(d). *See* Fed. R. Bankruptcy Procedure 7062 ("Federal Rule of Civil Procedure 62 applies in an adversary proceeding—except that a proceeding to enforce a judgment is stayed for 14 days after its entry."). Because Appellants have not framed their arguments in this way, and have failed to provide context for their Motion more generally, the Court does not further pursue this issue and addresses the Motion on the terms in which Appellants have framed it.

Appellants simply identify four or five (it is tough to tell from their Motion) issues at a high level of generality and without supporting authority or even context. *See* Doc. 17 at 3-4. Perhaps Appellants intend the Court to sift through other filings in this case or even other dockets to discern and assess their arguments and determine the extent to which they warrant a stay. If so, that is improper thrice over. First, it leaves it to the Court to develop the motion without party presentation. *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997). Second, it runs afoul of Rule 8007(b)(3)'s requirement that the "motion … include":

(A) the reasons for granting the relief requested and the facts relied on;

(B) affidavits or other sworn statements supporting facts subject to dispute; and

(C) relevant parts of the record.

And, third, to the extent Appellants effectively seek to incorporate their briefing in this appeal, they would violate the page limit for motions. *See* LR 7.2(e). Each of these reasons independently warrants denial of the Motion.

The Motion therefore is **DENIED** without prejudice. Because this Order rests on Appellants' failure to adequately present their Motion to this Court, it says nothing about what the bankruptcy court should or should not do with the motion or motions pending before it.

**IT IS SO ORDERED**, this 21st day of August, 2026.

s/ *Brian C. Lea*
BRIAN C. LEA
UNITED STATES DISTRICT JUDGE